CITY OF MIAMI BEACH, and LOUIS F. SNEDIGAR, as Mayor of City of Miami Beach; JOHN H. LEVI, *et al.,* v. STATE, *ex rel.* PARKWAY COMPANY, INC., trading and doing business as Seiden's Sandwich Shop.

174 So. 443.
Division A.
Opinion Filed April 27, 1937.
Petition for Rehearing Denied May 28, 1937.

*J. Harvey Robillard,* for Plaintiffs in Error.

*Benjamin Cohen* and *E. L. Lustgarten,* for Defendant in Error.

BUFORD, J.—Parkway Company, Inc., procured issuance of alternative writ of mandamus, the command of which was as follows:

"Now, THEREFORE, we being willing that full and speedy justice be done in the premises, Do COMMAND YOU, City of Miami Beach, a municipal corporation, in Dade County, Florida; Louis F. Snedigar, as Mayor of the City of Miami

Beach, Florida; John H. Levi, as President and as member of the Miami Beach City Council, and Baron DeHirsch Meyer, R. W. Ralston, William Burbridge, Harry M. Hice, Arthur Childers, and Val C. Cleary, composing and as members of the City Council of the City of Miami Beach, in Dade County, Florida; J. J. Farrey, as Building Inspector of the City of Miami Beach, Florida; and C. W. Tomlinson, as City Clerk of the City of Miami Beach, Florida; a municipal corporation in Dade County, Florida, to forthwith issue to said Parkway Company, Inc., a permit to place one hundred and fifty chairs on said premises, or in default thereof that you appear before this Court on the 3rd day of February at 10:30 o'clock, A. D. 1936, in Chambers at Miami, Florida, and then and there show cause why you refuse so to do."

The petition was made a part of the writ by express terms. The pertinent allegations of the petition which was made a part of the writ, are as follows:

"The petitioner is now and was on October 2nd, 1934, and at all times between then and now and for some time prior to said date, the absolute owner of the lease of the following described property, lying within the corporate limits of the City of Miami Beach, Florida:

"960 Ocean Drive, City of Miami Beach, Florida.

"As such owner of the lease, the petitioner has the legal right to employ said premises for the purpose of serving sandwiches and meals, soft drinks and other such incidentals as is necessary to serve in the course of conducting a business of such nature and to serve such meals in the patio of the aforesaid premises, having a seating capacity of one hundred and fifty chairs. That your petitioner had the place of business improved last year and previous to that time had a permit for one hundred chairs and since your

petitioner had the aforesaid premises improved, he was issued a permit for only fifty chairs, but desires and requests a permit for one hundred and fifty chairs, so long as it is not contrary to law and valid ordinance of the City of Miami Beach, Florida. There exists no restrictions against or limitations upon the use of said premises in that the patio is part and parcel of same premises such as would prevent or deny the petitioner the right to have one hundred and fifty chairs for purpose of serving meals in the patio which is part of same premises, as aforesaid."

The petition then alleges that the relator applied to the building inspector for a permit to place 150 chairs on the above described property to be used as stated. The permit was not approved, but was refused on the ground that Ordinance No. 289 prohibited the use of the property as contemplated by the application for permit. It is then alleged that there is no ordinance prohibiting such permit.

Motion to quash was made and denied. Thereupon answer was filed. The pertinent part of the answer was as follows:

"They further deny that the petitioner is entitled to the relief prayed for and would further show unto the Court that before the passage of Ordinance No. 289 of the City of Miami Beach, Florida, which is commonly known as Zoning Ordinance of the City of Miami Beach, Florida, there existed on the premises known as 960 Ocean Drive of the City of Miami Beach, Florida, a small restaurant occupying a small portion in the center part of said premises facing on Ocean Drive. That upon the passage of the Zoning Ordinance of Miami Beach, Florida, in 1930, this small restaurant constituted under said Ordinance a nonconforming use under said Ordinance as then passed. The petitioner then claimed possession of said premises under a

lease and thereafter the petitioner without authorization and in direct violation of said Zoning Ordinance of the City of Miami Beach, Florida, built a concrete floor extending from the north side of said restaurant to the lot line on Tenth Street, enclosing said floor with a trellis and placed tables and chairs thereon and served meals in said patio, all in direct violation of said Ordinance No. 289 of Miami Beach, Florida, said extension being an illegal extension of a non-conforming use under said Ordinance. That thereafter the owners of the fee simple title to the property upon which said restaurant and patio were located, or their assigns, constructed a hotel building upon said property, said construction being made in such a manner as to entirely surround, cover and make an integral part of the hotel the premises known as No. 960 Ocean Drive, Miami Beach, Florida. The defendants further say that all of the aforesaid actions of the petitioner were done by the petitioner with full knowledge of the restrictions and provisions of said Zoning Ordinance, as applicable to the premises involved in this cause and that the above described actions of the petitioner constituted and do now constitute an indirect attempt to violate the said City Ordinance of Miami Beach, Florida. The defendants further say that the patio described in said petition and in the foregoing answer to said petition does not constitute a part of the premises known as No. 960 Ocean Drive of Miami Beach, Florida, and that said patio was not and is not now a part of the original non-conforming use under said Ordinance as above set forth, said above described restaurant solely constituting the legal non-conforming use."

Motion was made for peremptory writ of mandamus, the answer notwithstanding.

After notice, the answer was amended so as to add to that part of the answer above quoted the following:

"The concrete floor and trellis constituting said patio was completely destroyed during the construction of said hotel building and a new concrete floor, now an integral part of said hotel, has been constructed where said patio formerly existed, the said hotel containing less than 100 guest rooms."

Thereupon, motion was made and granted striking the defendants' return and thereafter peremptory writ of mandamus was granted to which judgment writ of error was taken.

It is not necessary for us to summarize here what the record shows. Zoning Ordinance No. 289 is attached to and made a part of the return. It is well settled that a return to an alternative writ of mandamus for the purpose of making an issue must positively deny the material facts alleged or should plead other facts sufficient to defeat the relator's right. Jukes, et al., v. State, 123 Fla. 260, 166 Sou. 552; State, ex rel. Knott, v. Haskill, 72 Fla. 176, 72 Sou. 651; State, ex rel. Rempsen, v. Smith, 105 Fla. 368, 141 Sou. 318.

It will be observed that the answer either denied generally the allegations of the alternative writ or alleged that the respondents were without knowledge as to the rights of the relator and the allegations of the return in addition thereto stated the conclusions of the pleader as to the right of the relator to have the permit sought.

The pertinent facts of the Zoning Ordinance are as follows: In Section 2 we find the following:

"No building shall be erected, constructed, reconstructed or structurally altered, nor shall any building or land be used for any purpose other than the use permitted in the Use District in which such building or land is located."

The first paragraph of Section 5 of the ordinance is as follows:

"In the 'RE' Multiple Family District, no building or land shall be used and no building shall be hereafter erected, constructed, reconstructed or structurally altered which is designed, arranged or intended to be used for any purpose, unless otherwise provided for in this ordinance, except for one or more of the following uses:"

Sub-section 4 of paragraph 5 of the ordinance is as follows:

"Hotels with one hundred (100) or more guest rooms may contain business establishments of the 'BAA' classification providing the exterior of the building shall not contain store fronts or have the appearance of commercial or mercantile activities or any display of articles or services for sale which are visible from the exterior of the building or on the grounds facing a public highway or water frontage, and providing further that businesses established under the provisions of this Section shall only be entered from within the building."

Section 14 of the ordinance provides in part as follows:

"The lawful use of land existing at the time of the passage of this ordinance or an amendment thereto, although such use does not conform to the provisions hereof, may be continued, but if such non-conforming use is discontinued, any further use of said land shall be in conformity with the provisions of this ordinance.

"The lawful use of the building existing at the time of the passage of this ordinance or of an amendment thereto may be continued, although such use does not conform with the provisions hereof, and such use may be extended throughout the building provided no structural alterations, except those required by law or ordinance, or ordered by an au-

thorized officer to assure the safety of the building, are made therein. If no structural alterations are made, a non-conforming use of the building may be changed to another non-conforming use of a higher restricted classification."

Bearing in mind the fact that the alternative writ applies to a permit for use and not to a permit for construction, we are confronted with the necessity of affirming the judgment of the court below because we find in the record that the land was used for restaurant purposes at the time of the passage of the ordinance and that its use for such purpose has not been discontinued. We do not construe the word "discontinued" to mean a temporary cessation for the purpose of making repairs or extensions, but it means what it says, a discontinuance of business of that sort at that place. So, under the terms of the ordinance, it is provided:

"The original use of land existing at the time of the passage of this ordinance or an amendment thereto, although such use does not conform to the provisions hereof, may be continued."

And further, it is provided in the ordinance:

"The lawful use of the building existing at the time of the passage of this ordinance or an amendment thereto may be continued although such use does not conform with the provisions hereof and such use may be extended throughout the building, provided no structural alterations except those required by law or ordinance or ordered by an authorized officer to assure the safety of the building, are made therein."

There is no allegation in the answer that any structural alterations of the building were made in violation of any ordinance or were not made in conforming to any ordinance governing the construction of buildings in that locality.

The answer was properly held insufficient. The judgment should be affirmed and it is so ordered.

ELLIS, C. J., and TERRELL, J., concur.

WHITFIELD, P. J., and BROWN and DAVIS, J. J.. concur in the opinion and judgment.