CHARLES H. CRANDON, N. P. LOWREY, PRESTON B. BIRD, HUGH PETERS and VAL C. CLEARY, as members of the Board of County Commissioners of Dade County, Florida, and CECIL A. TURNER, as zoning director of Dade County, Florida, v. STATE OF FLORIDA, ex .rel., ROBERT URICHO, SR., GEORGE URICHO and ROBERT URICHO, JR., co-partners doing business under the firm and style name of SUNNY SOUTH AIRPORT.

28 So. (2nd) 159
November 19, 1946
Rehearing denied December 19, 1946

June Term, 1946
Division A

*Hudson & Cason, Park H. Campbell* and *Francis G. Rearick,* for appellants.

*Worley, Gautier & Cannon* and *R. B. Gautier, Jr.,* for appellees.

ADAMS, J.:

This appeal is from a judgment in mandamus for relator.

Relator operated an airport on a large portion of a tract of land, comprising one hundred and twenty acres, in Dade County, Florida, from 1933 to 1942, at which time it was closed by direction of the Civil Aeronautics Authority as a war measure. After the cessation of hostilities the same authority granted permission to relator to reopen the airport. Respondent Dade County resists the further use of the property as an airport because in 1937 the Legislature enacted Chapter 17883 and pursuant to same in 1938, by resolution, the county zoned the locus in quo against such use. Section 33 of the Resolution reads:

"Nothing contained in these Regulations shall be deemed or construed to prohibit a constitution of the particular lawful use or uses of any land, building, structure, improvement or premises legally existing in the respective zones at the time this resolution becomes effective . . . "

Section 34 of the Resolution provided:

"No building or premises wherein or whereon a nonconforming usage is discontinued for a period of at least six months . . . shall again be devoted to any use prohibited by this resolution in said zone."

The use of the property for an airport was interrupted by virtue of a superior authority and was, in every sense, involuntary. Can it then be maintained that the property will not further enjoy the same status of a nonconforming use?

On one occasion we had before us a case involving a nonconforming use. See City of Miami Beach et al. v. State ex rel. Parkway Company, Inc., 128 Fla. 118, 174 So. 443. There this court did not elucidate on the meaning of "discontinued" but rather said it meant what it said. Several cases from other jurisdictions have been called to our attention. See Haller Baking Company's Appeal, 295 Pa. 257, 145 Atl. 77; Ullman, State's Attorney, ex rel. Eramo v. Payne, 127 Conn. 239, 16 Atl. (2nd) 286; State ex rel. Schaetz v. Manders, 206 Wis. 121, 238 N.W. 835; Adams v. Kalamazoo Ice & Fuel Company, 245 Mich. 261, 22 N.W. 86. We do not attach a great deal of weight to these cases because of the factual difference and the dissimilarity of the zoning regulation. We cite them for whatever benefit the Bench and Bar may get from them. The facts in the case at bar are more compelling for a continuance of the use than the above cases. Here the relator had no choice but to cease using the property. Here the cessation in use was by no act of anyone in privity with the landowner. The discontinuance was by a direct act of the sovereign power of the United States. Because of these factors we are not required to determine whether "discontinuance" as used in the resolution contemplates an intent to abandon the use of the property. Neither are we required to say that discontinuance is synonymous with abandonment.

We have duly considered all questions presented on the appeal and finding no error the judgment is affirmed.

CHAPMAN, C. J., TERRELL and BUFORD, JJ., concur.

