302 So.2d 777 (1974)
CITY OF MIAMI BEACH, a Florida Municipal Corporation, Appellant,
v.
ARLEN KING COLE CONDOMINIUM ASSOCIATION, INC., et al., Appellees.
No. 74-1150.
District Court of Appeal of Florida, Third District.
November 5, 1974.
Rehearing Denied November 26, 1974.
*778 Joseph Wanick, City Atty. and Herbert Marcus Asst. City Atty., for appellant.
Heller & Kaplan, Miami, for appellees.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
PER CURIAM.
In 1961 an improvement was made on certain real property within the municipality of the City of Miami Beach. Upon completion, it was known as the King Cole Apartments and contained 108 hotel rooms and 241 apartments. At the time of the erection of this improvement, the developers complied with the existing municipal ordinances relative to off-street parking, and provided a minimum of 172 off-street parking spaces.
In 1971 the City of Miami Beach amended its zoning regulations and upgraded the number of off-street parking spaces that would be necessary for the operation of a hotel-apartment similar to the King Cole Apartments. Under these regulations, if the hotel-apartment had been erected in 1971, the developer would have been required to provide 348 off-street parking spaces for the use of the tenants of the building. Upon the adoption of the 1971 amendments to the comprehensive zoning ordinances of the City of Miami Beach, the operation of the King Cole Apartments [as it related to off-street parking spaces] became a "nonconforming" use.
In early 1974, the owners of the King Cole Apartments [the appellees in the instant case] filed a declaration of condominium for the purpose of converting the King Cole Apartments into a condominium, pursuant to the applicable laws of the State of Florida. At this time, there were several statutes of the State of Florida that were material to this declaration of condominium. There was no specific provision in the 1971 ordinances relative to off-street parking that would be necessary for the erection of a condominium [in fact, today such would probably be illegal under § 711.21, Fla. Stat.[1],] but the provision requiring off-street parking was a catch-all provision in the City of Miami Beach Zoning Ordinance.[2]
The City brought a suit which would, in effect [among other things], prevent the hotel-apartment from being converted to a condominium because it could not provide sufficient off-street parking spaces for an apartment as defined and required in the 1971 ordinance. The appellees, as defendants, answered in effect contending that they were entitled, as a matter of right under the law, to convert the hotel-apartment *779 into a condominium and, as a nonconforming use under the 1971 ordinance as amended, they were not required to have any more off-street parking spaces than those originally required [which met the code at the time the improvement was constructed]. There is no question of the right to develop a condominium in the use district wherein the subject property is located. Following final hearing, the trial judge entered a final judgment finding that the "use" of the building had not changed by the owners desiring to convert it into a condominium and that they were not required to meet the off-street parking requirements of the ordinances of the City of Miami Beach as they existed on the date of the filing of the declaration of condominium. This appeal ensued.
We first dispose of the City's contention that there is some easement in the parking area to be protected by the City for the condominium owners. It is apparent from the evidence that the parking areas form part of the common area, as defined in the declaration, which were subject to being conveyed to the condominium association. So, we find no merit in this contention by the City.
Second, the major contention by the City presents a more difficult problem, i.e., whether an owner [when he desires to convert a valid nonconforming use apartment building into a condominium] may continue to provide the number of parking spaces that were permitted as a nonconforming use[3] or must he meet the parking requirements in effect at the time he filed his declaration of condominium, it being conceded that if a new structure was being erected on the site as of the date of the filing of declaration of condominium it would be necessary to meet the requirements of the 1971 ordinances.
A nonconforming use relates to the property and not to the type of ownership of the property. Beers v. Board of Adjustment of Township of Wayne, 75 N.J. Super. 305, 183 A.2d 130; Bridge Park Co. v. Borough of Highland Park, 113 N.J. Super. 219, 273 A.2d 397; Maplewood Village Tenants Ass'n v. Maplewood Village, 116 N.J. Super. 372, 282 A.2d 428. Changing the type of ownership of real estate upon which a nonconforming use is located will not destroy a valid existing nonconforming use. This is the only significant change in the real property and improvements involved in the instant litigation. Such structural changes as the owners determine to make in the hotel-apartment to convert to condominiums were minor in nature and not of a structural quality. Therefore, there was no abandonment of the nonconforming use under the zoning ordinances of the City of Miami Beach.
The trial judge having found that the use of the property had not changed and the record supporting this finding, under the applicable law we are required to sustain the finding and, therefore, the final judgment here under review will not be disturbed and is thereby affirmed.
Affirmed.
NOTES
[1] "§ 711.21 Zoning and building.  All laws, ordinances and regulations concerning buildings or zoning shall be construed and applied with reference to the nature and use of such property without regard to the form of ownership. No law, ordinance or regulations shall establish any requirement concerning the use or location, placement or construction of buildings or other improvements which are, or may thereafter be subjected to the condominium form of ownership, unless such requirement shall be equally applicable to all buildings and improvements of the same kind not then or thereafter to be subjected to the condominium form of ownership."
[2] "§ 9-4 Interpretation of Off-Street Parking Requirements.

* * * * *
"C. The parking space requirements for a use not specifically listed in this Section shall be the same as for a listed use of similar characteristics of parking demand generation."
* * * * *
[3] "§ 12-3 Nonconforming Use of Buildings.

"A. Except as otherwise provided herein, the lawful use of a building existing at the effective date of this Ordinance may be continued, although such use does not conform to the provisions hereof. If no structural alterations are made, a nonconforming use of a building may be changed to another nonconforming use of the same or of a more restricted classification. Whenever a nonconforming use has been changed to a more restricted use or to a conforming use, such use shall not thereafter be changed to a less restricted use. The nonconforming use of a building may be hereafter extended throughout those parts of a building which were lawfully and manifestly arranged or designed for such use at the time of passage of these regulations."