PER CURIAM.
Appellant was the plaintiff below and appellees were the defendants.
Appellant, the owner of a mobile home park located in the Town of Medley, filed a complaint seeking a declaratory judgment, *1282 injunction and other relief. The complaint alleged, among other things, that appellee-Town of Medley had passed two ordinances on January 7, 1974, and April 7, 1975, respectively. The first ordinance declared an emergency housing shortage and created a rent control commission to administer rent controls in the town. The second ordinance reenacted the first and extended the control period.
The complaint further alleged that appellant, which rented space in its mobile home park to the public, was in doubt as to its rights under the aforementioned ordinances and was therefore seeking declaratory relief. In addition, appellant believed the ordinances to be both invalidly enacted and unconstitutional in their application.
- The cause was set for non-jury trial at which time appellant, through its officers, testified to the effect that an emergency housing shortage did not exist in the Town of Medley. The testimony was based on the facts that appellant’s land represented over ninety (90%) per cent of the rental space in the Town of Medley and said land had never been fully rented.
At the end of appellant’s case, appellee moved for a directed verdict. Said motion was granted and this appeal follows.
Appellant raises many points on appeal, however, in rendering our decision, we need only address ourselves to one. Appellant cites as error the lower court’s failure to make a declaration pursuant to Section 86.-011, Florida Statutes (1975).
With the above in mind, we note that the final judgment undertook a disposition of the controversy without rendering the declaratory relief sought by appellant. In so doing, we hold that the lower court erred. Local 532 of the American Federation of State and Municipal Employees, AFL-CIO v. City of Fort Lauderdale, 273 So.2d 441 (Fla.4th DCA 1973); Ennis v. Warm Mineral Springs, Inc., 203 So.2d 514 (Fla.2d DCA 1967).
Reversed and remanded with instructions to enter a declaration as to the rights of the respective parties.