467 So.2d 751 (1985)
Frederick E. LEWIS and Joy K. Lewis, His Wife, Appellants,
v.
CITY OF ATLANTIC BEACH, Florida, Appellee.
No. AT-15.
District Court of Appeal of Florida, First District.
April 9, 1985.
*752 William G. Noe, Jr., and Paul M. Eakin, of Noe & Eakin, Atlantic Beach, for appellants.
Claude L. Mullis, City Atty., Atlantic Beach, for appellee.
ZEHMER, Judge.
Frederick E. Lewis and his wife own property in the city of Atlantic Beach that for the past ten years has been leased for the operation of a liquor lounge. They appeal a final judgment in favor of the City of Atlantic Beach holding that the city properly applied an ordinance to prohibit the continued operation of a lounge on this property. We reverse.
*753 On April 28, 1980, the city of Atlantic Beach adopted ordinance 10-80-13, which amended chapter 3 of the city ordinance code regulating sale at retail, serving, and consumption of alcoholic beverages within the city. Section 3-6 of the ordinance prohibits an establishment from operating pursuant to an alcoholic beverage license if located within fifteen hundred feet of any other establishment operating under a current alcohol beverage license. The ordinance also provides, in section 3-8:
Establishments in locations presently open for business and where a current valid alcoholic beverage license existed on the effective date of this ordinance shall not in any manner be affected by this part, nor shall any right of renewal of such licenses be altered or changed by the distance limitations or any other provision of this part.
Lewis testified that he constructed the building on his property solely for use as a lounge. On the effective date of this ordinance, a valid alcoholic beverage license was held in the name of Richard Hoj, appellant's tenant, who was operating a lounge known as Casablanca in the building. The city admits that when the ordinance was adopted, even though the Casablanca was within fifteen hundred feet of another alcoholic beverage establishment, the nonconforming use was grandfathered in pursuant to section 3-8 of the ordinance.
At some point in late July or early August 1981, Richard Hoj became the subject of an investigation by the State Division of Alcoholic Beverages which raised the possibility that he could have his beverage license revoked; so Hoj attempted to sell the Casablanca, including a sale or transfer of the beverage license. As a prerequisite to such sale, Hoj was required by the Division to obtain from the City of Atlantic Beach a statement that the property upon which the Casablanca was located was properly zoned for alcoholic beverage consumption. The city declined to give Hoj such a statement, contending that the property was located within fifteen hundred feet of another establishment serving alcoholic beverages and was thereby prohibited from being zoned to permit alcoholic beverage consumption. The city acknowledged that the property's nonconforming use had originally been grandfathered in when the ordinance was passed in April 1980, but maintained that the property lost that status because Hoj had closed the Casablanca and attempted to sell his business.
On August 10, 1981, appellant Frederick Lewis appeared at a city commission meeting to join in the request with Hoj for zoning approval, but his request was denied by the commission, apparently on the same grounds. On September 3, 1981, as a result of its investigation, the Division ordered Hoj's alcoholic beverage license revoked. On or about September 17, 1982, Lewis made another request of the city commission to allow the reopening of an alcoholic beverage business on his property with an alcoholic beverage license in his name, contending that the property was not suitable for any use other than as a tavern. Again the commission denied this request based on the recently enacted ordinance imposing the fifteen hundred foot limitation.
On September 30, 1982, Lewis filed a four-count complaint in the circuit court. Count one was styled as an action for declaratory judgment concerning the validity of applying section 3-6 of the ordinance to preclude the use of appellants' property as a tavern. Count two alleged an action for damages in excess of five thousand dollars on the contention that the city's refusal to permit the property to be used as a tavern had prevented appellants from renting the premises. Count three was an action to invalidate the ordinance because it violated plaintiff's constitutional right of equal protection. Count four was voluntarily dismissed at trial. The matter was tried to the court without a jury, and the court entered final judgment in favor of the city of Atlantic Beach. The judgment contained no declaration of rights and merely provided:
1. The plaintiffs, FREDERICK E. LEWIS and JOY K. LEWIS, his wife, take nothing by this action and the defendant, *754 CITY OF ATLANTIC BEACH, go hence without day.
2. The Court retains jurisdiction to tax the costs of the defendant upon application therefor and proper notice.
Appellants raise four issues on appeal:
1. The judgment is erroneous because it is not supported by competent, substantial evidence.
2. The judgment must be reversed because the court failed to address and rule upon the declaratory relief requested in the complaint.
3. The ordinance, as applied to appellants' property, violates their constitutional rights to equal protection and due process.
4. The court erred in not awarding damages to appellants.
We find error on the first two issues, and reverse.
The city argued in the trial court, and argues on appeal, that the evidence "clearly established" that the Casablanca was closed by Hoj prior to August 10, 1981, the date appellant appeared before the city commission, and that such closing terminated the grandfathered status of the property under the city ordinance. Appellants, on the other hand, contend there was no evidence in the record proving the Casablanca was closed prior to the request of the city commission to certify to the property's zoning for an alcoholic beverage license. Accordingly, appellants urge, the property did not lose its grandfathered status and the 1500-foot limitation in the ordinance should not have been applied to curtail its use as a tavern. We have carefully reviewed the record and conclude that it lacks competent, substantial evidence to prove the Casablanca was voluntarily closed prior to September 3, the date on which the Division of Beverages revoked Hoj's license. The city, therefore, was without authority to remove appellant's property from a grandfathered status and illegally refused to certify to the continued operation of an alcoholic beverage establishment on the property.
The city also attempts to support the trial court's judgment by arguing that because Hoj sought to obtain a completely new alcoholic beverage license on the Casablanca property, rather than merely a renewal or transfer of his existing license, its grandfathered status came to an end. The city construes section 3-8 as terminating the grandfathering provision of the ordinance whenever the operator of an alcoholic beverage establishment sells the business and a new operator attempts to take over the business pursuant to a new alcoholic beverage license. To avoid serious constitutional due process issues, we decline to approve that construction of the ordinance.
The application of zoning regulations to restrict an existing use of property, resulting in substantial diminishing of its value, may constitute a "taking" by the governmental agency which requires the payment of compensation under well-established principles of constitutional law. 82 Am.Jur.2d, Zoning and Planning, § 178. To avoid these consequences, zoning regulations generally "grandfather" the continuation of existing nonconforming uses on property subject to the zoning classification. State v. Danner, 159 Fla. 874, 33 So.2d 45 (1947). By the same token therefore, it is reasonable to conclude that the termination of such grandfathered nonconforming uses may result in a "taking" for constitutional purposes unless the basis of such termination accords with applicable legal principles.
We have been cited to no legal authority upholding the proposition that a municipality can terminate a grandfathered nonconforming use of property simply because the tenant and operating license holder of the establishment on the property undergoes a change. It is clear that the concept of grandfathered nonconforming use relates to the property and the use thereof, not to the type of ownership or leasehold interest in the property. City of Miami Beach v. Arlen King Cole Condominium Assn., Inc., 302 So.2d 777 (Fla. 3d DCA 1974). The general rule is that *755 nonconforming uses may be eliminated by attrition (amortization), abandonment, and acts of God as speedily as is consistent with proper safeguards and the rights of those persons affected. Bixler v. Pierson, 188 So.2d 681 (Fla. 4th DCA 1966); 82 Am.Jur.2d, Zoning and Planning, § 179. The property was not, of course, destroyed by an act of God.
Attrition, or amortization, contemplates the eventual elimination of nonconforming uses by requiring the termination of such uses within or at the expiration of a specified period of time. 82 Am.Jur.2d, Zoning and Planning, § 188. The Atlantic Beach ordinance contained no specific time period for ending nonconforming uses. Cf., Peters v. Thompson, 68 So.2d 581 (Fla. 1953).
Abandonment occurs when the landowner intentionally and voluntarily foregoes further nonconforming use of the property. 82 Am.Jur.2d, Zoning and Planning, § 216. See generally, Annot., Zoning: Right to Resume Nonconforming Use of Premises After Involuntary Break in the Continuity of Nonconforming Use Caused by Difficulties Unrelated to Governmental Activity, 56 A.L.R.3d 14 (1974). Neither attrition nor abandonment occurs where a nonconforming use is interrupted or discontinued involuntarily by compulsion of governmental action. Crandon v. State, 158 Fla. 133, 28 So.2d 159 (1946). See generally, Annot., Zoning: Right to Resume Nonconforming Use of Premises After Involuntary Break in the Continuity of Nonconforming Use Caused by Governmental Activity, 56 A.L.R.3d 138 (1974). Temporary cessation of a nonconforming use or the temporary vacancy of buildings used for the nonconforming use does not operate to effect abandonment of the nonconforming use. City of Miami Beach v. State, 128 Fla. 118, 174 So. 443 (1937); Quinnelly v. City of Prichard, 292 Ala. 178, 291 So.2d 295 (1974). Accordingly, an involuntary cessation of the nonconforming use of a premises for the sale of alcoholic beverages due to the loss of a beverage license in administrative disciplinary proceedings does not constitute abandonment and terminate the grandfathered status of such nonconforming use of such premises. E.g., Green v. Copeland, 286 Ala. 341, 239 So.2d 770, 56 A.L.R.3d 134 (1970).
There is no evidence in the record indicating that appellants, as owners of the property in question, ever intended to abandon their nonconforming use. On the contrary, appellants did all they could to continue such use on the premises while the city refused to certify that a permitted use of the property included the retail sale, service, and on-premises consumption of alcoholic beverages. Appellants attempted to assist in the transfer of Hoj's license and, failing that, attempted to get a new license in their own or a new tenant's name, but were thwarted each time by the city's wrongful refusal to recognize a continuation of the nonconforming use. We hold that the city illegally withheld certification that the nonconforming use of the premises could be continued by appellants under these circumstances. See Daoud v. City of Miami Beach, 150 Fla. 395, 7 So.2d 585 (1942).
With regard to the second issue raised on appeal, the trial court erroneously failed to declare the rights of the parties as requested by appellants in their complaint for declaratory relief. This alone requires reversal and remand for the trial court to enter an appropriate declaratory judgment stating the rights of the parties. 7200 Corp. v. Town of Medley, 340 So.2d 1281 (Fla. 3d DCA 1977). See also, Coral Gables Federal Savings & Loan Assn. v. City of Lighthouse Point, 444 So.2d 92 (Fla. 4th DCA 1984).
With regard to the final argument raised by appellants, we find that the court did not err in refusing to award damages to appellants. We have not been cited to any authority which would support the right of appellants to obtain damages under the facts of this case. Since the grandfathered status of the property has not been terminated by the involuntary loss of Hoj's license, the actions of the city do not *756 rise to the level of a taking or inverse condemnation requiring the payment of just compensation.
The judgment is REVERSED and the case REMANDED for further proceedings consistent herewith.
ERVIN, C.J., and BOOTH, J., concur.