KIRKWOOD, L.R., Associate Judge.
Tortoise Island Homeowner’s Association, Inc. (Association) seeks to set aside a declaratory judgment in favor of Tortoise Island Group LTD., et al. (Developer) wherein the trial court failed to rule upon the question presented and reached a decision based upon an issue not in the pleadings or arguments of counsel.
The Developer acquired title to various lands including a barrier island lying in the Banana River in Brevard County, Florida, separated from the mainland by a waterway known as the Grand Canal. This land is a Planned Unit Development (PUD) in separate phases. Phase I is located on the mainland and Phases II and III are located on islands in the Banana River. The sole access to Phase II is over an entrance road through Phase I and over a bridge and the sole access to Phase III is over the roads and bridges of Phases I and II. The sole access to the undeveloped property to the *1000 north of Phase III is through Phases I, II and III of the Tortoise Island PUD.
The Developer recorded a Declaration of Restrictions which provided for the Association to administer the operation and maintenance of the common areas of the PUD. The Association sought to prevent the Developer from having construction vehicles and equipment traverse along the streets, roads and bridges of Phases I and II on the way to the work site for the development of Phase III, and sought declaratory relief. The Association’s and the Developer’s respective rights regarding the streets were at issue before the trial court.
After a non-jury trial, the trial court entered a judgment, finding that the Developer had unqualified access on, over and across the streets shown on the recorded plats since they were “public streets” by virtue of the dedications to Brevard County contained in each of the recorded plats. The trial court’s failure to adjudicate the interests and rights of the Association and the Developer as requested in the complaint for declaratory relief and its adjudication of the rights of Brevard County without the County’s appearance in the case requires reversal and remand for the entry of an appropriate declaratory judgment. Lewis v. City of Atlantic Beach, 467 So.2d 751 (Fla. 1st DCA 1985); 7200 Corp. v. Town of Medley, 340 So.2d 1281 (Fla.3d DCA1977); American Federation of State, County and Municipal Employees v. City of Ft. Lauderdale, 273 So.2d 441 (Fla. 4th DCA1973); City of Miami Beach v. Klinger, 179 So.2d 864 (Fla.3d DCA1965).
REVERSED and REMANDED.
COBB, C.J., and ORFINGER, J., concur.