Mr. Richard H. Roth Lighthouse Point City Attorney 1500 East Atlantic Boulevard Pompano Beach, Florida 33060-6749
Dear Mr. Roth:
You ask the following question:
Does the removal of a portion of a nonconforming use of land by the county to install water lines constitute attrition, abandonment, or an act of God so as to prohibit the reinstallation of the nonconforming use?
In sum:
The removal of a portion of a nonconforming use of land by the county to install water lines does not constitute attrition, abandonment, or an act of God so as to prohibit the reinstallation of the nonconforming use.
According to your letter, the City of Lighthouse Point for many years allowed single-family residences to pave a portion of the swale area and part of their deeded property adjacent to their house so they could park additional cars at their convenience. Several years ago, the applicable ordinance was changed and this is no longer permitted. The paved parking areas on the sides of houses, however, were apparently grandfathered in as nonconforming uses of land under the city's zoning code.
You have advised this office that during the county's construction of new water lines, a portion of these paved areas had to be removed to lay pipes. The removal of part of the parking areas was not at the request of the property owner, but was required in order to lay the county water lines. While some local governments have adopted ordinances prescribing whether a nonconforming use may be repaired or restored when damaged or destroyed, it does not appear the City of Lighthouse Point has adopted such a provision.
The granting of permission to continue a nonconforming use is designed to avoid the imposition of hardship to the owner of property already devoted to a prescribed use.[1] The courts have recognized that the termination of a grandfathered nonconforming use can constitute a compensable taking.[2]
Nonconforming uses, however, are generally not favored since they detract from the effectiveness of comprehensive zoning laws. It is expected that such nonconforming uses will generally be eliminated over time through abandonment, destruction, and obsolescence.[3]
While land use planning tolerates nonconforming uses because of the hardship that would otherwise be imposed, there is no absolute entitlement to reestablishment of a nonconforming use. Thus, when an owner's investment is extinguished by accidental destruction of the structure that had constituted the nonconforming use, the courts have upheld municipal ordinances imposing reasonable restrictions against reestablishing nonconforming uses after substantial destruction, based on some significant percent of value or volume.[4]
According to your letter, the city code provides that if a nonconforming use is discontinued for a continuous period of 90 days, any future use of the land shall be in conformity with the provisions of the chapter.[5] However, you state that the county's replacement of water lines has not affected a nonconforming use for a continuous period of 90 days.
In Lewis v. City of Atlantic Beach,[6] the First District Court of Appeal set forth the general rule that "nonconforming uses may be eliminated by attrition (amortization), abandonment, and acts of God as speedily as is consistent with proper safeguards and the rights of those persons affected." As discussed by the court, attrition or amortization contemplates the eventual removal of nonconforming uses by requiring the termination of such uses within or at the expiration of a specified period of time.[7]
Abandonment occurs when the owner intentionally and voluntarily relinquishes such nonconforming use of the property. Temporary cessation of a nonconforming use, however, does not necessarily constitute abandonment of a nonconforming use.[8] Moreover, neither attrition nor abandonment occurs when a nonconforming use is interrupted or discontinued involuntarily by government action.[9]
In the instant inquiry, a portion of the nonconforming use was disrupted by the county's action in laying new water lines. Based upon the foregoing, I am, therefore, of the opinion that the removal of a portion of a nonconforming use by the county to install water lines does not constitute attrition, abandonment, or an act of God so as to prohibit the reinstallation of the nonconforming use.
Sincerely,
Robert A. Butterworth Attorney General
RAB/tgk
[1] See, e.g., Fortunato v. City of Coral Gables, 47 So.2d 321
(Fla. 1950) (zoning regulations do not generally limit land-owner's right to continue uses of land and structures as were in existence at the time of regulation's adoption since it would be an injustice and unreasonable hardship to compel immediate removal or suppression of an otherwise lawful use already established).
[2] See, 3M National Advertising Company v. City of Tampa CodeEnforcement Board, 587 So.2d 640 (Fla. 2d DCA 1991); Lewis v.City of Atlantic Beach, 467 So.2d 751 (Fla. 1st DCA 1985); Walkerv. State, Department of Transportation, 366 So.2d 96 (Fla. 1st DCA 1979).
[3] See, 3M National Advertising Company v. City of Tampa CodeEnforcement Board, supra at 641.
[4] See, e.g., McQuillin, Municipal Corporations s. 25.196; 101A C.J.S. Zoning and Land Planning s. 173. Cf., Ch. 20, s. 5.50, Lighthouse Point City Code, which relates to the destruction of buildings, providing that nothing in the chapter prevents the restoration of a building destroyed to the extent of not more than fifty (50) percent of its replacement value by fire, explosion or other casualty, or act of God, or the public enemy. You have not provided this office with any information regarding the city code to indicate that the term "building" as used in section 5.50 of the city code encompasses all nonconforming uses such as a parking lot.
[5] See, Ch. 20, s. 5.48(b), Lighthouse Point City Code.Compare, Ch. 20, s. 5.47(d), Lighthouse Point City Code, discussing the removal of a nonconforming building for a continuous period of 90 days.
[6] 467 So.2d 751, 755 (Fla. 1st DCA 1985).
[7] See, Lewis, supra; City of Miami Beach v. State ex rel.Parkway Company, Inc., 174 So. 443 (Fla. 1937).
[8] Cf., Ch. 20, s. 5.48, Lighthouse Point City Code, which provides for amortization of a nonconforming use of land at the time of the adoption of the chapter (January 23, 1990), when such use is not an accessory to the main use of the building.
[9] See, Lewis, supra; Crandon v. State ex rel. Uricho,28 So.2d 159 (Fla. 1946).