837 So.2d 1041 (2002)
Don T. KOZICH, Appellant,
v.
Albert DeBRINO, Individually, Debrino Caulking and Waterproofing, Inc. and International Fidelity Insurance Company, Appellees.
Nos. 4D97-4494, 4D99-838.
District Court of Appeal of Florida, Fourth District.
December 18, 2002.
Rehearing Denied March 11, 2003.
*1042 Don T. Kozich, Fort Lauderdale, pro se.
Neil L. Henrichsen and William J. Moore, III of Henrichsen Siegel Moore, P.L.L.C., Jacksonville, for appellee International Fidelity Insurance Company.
Christopher E. Ells, Fort Lauderdale, for appellees Albert DeBrino and DeBrino Caulking and Waterproofing, Inc.
WARNER, J.
Appellant challenges several of the trial court's orders, including an order denying his motion for relief from a temporary injunction obtained by appellee DeBrino Caulking and Waterproofing, Inc. ("DeBrino Caulking") and an order dismissing with prejudice his claims against appellees, Albert DeBrino ("DeBrino") and International Fidelity Insurance Company ("IFIC"). We dismiss as to certain orders that are not appealable and affirm the dismissal as to DeBrino, individually, but *1043 reverse the order of dismissal as to IFIC.[1]
DeBrino Caulking filed a complaint against appellant Don Kozich relating to Kozich's employment with that firm. The complaint sought a writ of replevin for various materials which DeBrino Caulking alleged that Kozich took from it and asserted claims for conversion of the same materials, breach of contract, and tortious interference with an advantageous business relationship. DeBrino Caulking obtained a temporary injunction against Kozich to prevent him from filing false notices of lien against DeBrino Caulking's customers. In its temporary injunction order, the trial court determined that Kozich was employed with DeBrino Caulking and not entitled to file liens against its projects. This court upheld the injunction against Kozich's challenge on appeal.
Kozich responded to the injunction with a multi-count counterclaim against DeBrino Caulking, its owner Albert DeBrino, and IFIC, DeBrino Caulking's surety. These counts alleged wrongful termination of the contract and failure to pay monies due; conversion of documents belonging to Kozich; various claims for compensation on projects performed by DeBrino Caulking and insured by IFIC; fraud and misrepresentation by DeBrino and DeBrino Caulking; and an action to recover unpaid wages. The counter-defendants moved to dismiss all counts. As to DeBrino Caulking and IFIC, they alleged that the temporary injunction was the "law of the case" and that Kozich could not recover on these claims because, as a mere employee, he was not a lienor under state law. As to the claims against DeBrino individually, they alleged that he was not a signatory under the contract nor were there any allegations to support his individual liability.
Ultimately, the trial court entered an order dismissing the counterclaim. As to DeBrino Caulking, two of the claims were dismissed without prejudice. The court dismissed with prejudice all of the counts alleging claims against both DeBrino Caulking and IFIC, as well as the claims against DeBrino individually. After this order, Kozich moved to amend the counts against DeBrino and DeBrino Caulking, which the court denied. It also denied his motion for relief from DeBrino Caulking's temporary injunction and relief from the denial of a motion for disqualification.
Preliminarily, we note that the order dismissing the claims against DeBrino Caulking is not appealable as there remain pending claims between the parties. We therefore dismiss the appeal of the order as to DeBrino Caulking. We also affirm without comment the order denying disqualification of the trial judge.
Kozich claims that the trial court erred in dismissing his counterclaim against IFIC on the ground of "law of the case." We agree.[2] A trial court's findings on a preliminary injunction do not constitute "law of the case" on final hearing. See Lorie v. C.L.N., 757 So.2d 610, 611 (Fla. 3d DCA 2000). The findings of fact and conclusions of law made at a preliminary injunction hearing are not binding on the court on final hearing, where the parties present their full case to the court. See Ladner v. Plaza Del Prado Condo. *1044 Ass'n, 423 So.2d 927, 929 (Fla. 3d DCA 1982). "[T]he affirmance of a temporary injunction on appeal determines only that a proper showing was made at the time the injunction was applied for." El Segundo Original Rey de la Pizza Cubana, Inc. v. Rey Pizza Corp., 682 So.2d 697, 697 (Fla. 3d DCA 1996) (citations omitted). Because the court's dismissal of the counterclaim was based upon findings made at the temporary injunction hearing, reliance on those findings to dismiss Kozich's claims with prejudice was error.
IFIC argues that because the trial court dismissed the action as to DeBrino Caulking, as DeBrino Caulking's surety it cannot be liable to Kozich. However, the dismissal as to DeBrino Caulking is not as yet an appealable order, as we noted above. Therefore, because DeBrino Caulking's liability has not been finally determined, dismissal of its surety, IFIC, on this ground was error.
Kozich also argues that the court erred in denying is motion to amend the complaint as to DeBrino, individually.[3] He claims that he should be given the opportunity to file a complaint alleging facts necessary to pierce the corporate veil. However, Kozich did not make this argument to the trial court. He argued only that the order should be amended to make the dismissal without prejudice and that he should be permitted to amend his complaint. He did not specify what amendment he might make. Under these circumstances, and without a transcript of the hearing where the judge ruled on the motion to dismiss, we cannot conclude that the court abused its discretion. See Applegate v. Barnett Bank of Tallahassee, 377 So.2d 1150, 1152 (Fla.1979).
We affirm the denial of Kozich's motion for relief from the temporary injunction pursuant to Florida Rule of Civil Procedure 1.540(b). That rule provides no basis for relief from a non-final order. See Badger v. Badger, 568 So.2d 79, 80 (Fla. 4th DCA 1990). The proper method of obtaining relief from such an order is through a motion to dissolve the injunction. See Fla. R. Civ. P. 1.610(d).
We reverse the order dismissing the counterclaim with prejudice against IFIC and affirm it as to DeBrino, individually. We dismiss the appeal for lack of jurisdiction as to DeBrino Caulking. We affirm the remaining orders challenged in this appeal.
STEVENSON and TAYLOR, JJ., concur.
NOTES
[1] This appeal was stayed for a period of two and one-half years due to appellant's bankruptcy filing.
[2] Application of "law of the case" would not have been proper on a motion to dismiss, although this specific point was not argued by Kozich. It would have been an affirmative defense and could have been reached by a summary judgment.
[3] We consider Kozich's motion to amend the order as to DeBrino, individually, an authorized motion pursuant to Rule 1.530(g), and thus, appealable with the final order.