364 So.2d 104 (1978)
WHITE ADVERTISING INTERNATIONAL, a Division of Whiteco Industries, Inc., Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. KK-46.
District Court of Appeal of Florida, First District.
November 15, 1978.
Clifton A. McClelland, Jr., of Nabors, Potter, McClelland & Griffith, Titusville, for appellant.
John J. Rimes and H. Reynolds Sampson, Tallahassee, for appellee.
ERVIN, Judge.
White appeals from DOT's order finding its road sign in violation of § 479.07(1), Fla. Stat. (1977).
In 1969, White built a sign about 18 feet from the nearest right-of-way of I-95 in Nassau County. The sign was lawfully in existence on December 8, 1971, even though violative of § 479.11(2), because located within 660 feet of a portion of the interstate system, the sign was grandfathered in under §§ 479.23 and 479.24 and allowed to remain in place as long as the use remained non-conforming. The sign had a valid permit issued by DOT.
*105 On about June 1, 1977, White changed the message from a Holiday Inn advertisement to a Days Inn advertisement. Subsequently, DOT ordered the sign removed as violative of § 479.07(1) because it had been altered to such an extent that it was in effect a new sign, and its use no longer non-conforming.
The hearing officer, whose recommended order was adopted by DOT, made the following findings: DOT did not consider the Holiday Inn star and chimney, which extended approximately seven feet above the top of the Holiday Inn sign, or the lattice work attached to its bottom, to be part of the sign face. The Holiday Inn sign face area was approximately 14 feet by 40 feet. When White changed the ad message on behalf of Days Inn, the star, chimney and lattice work were removed. The bottom of the Days Inn sign was about six feet higher from the ground than the bottom of the Holiday Inn sign. The Days Inn sign was the approximate height of the Holiday Inn sign at the top of the star and chimney, and the hearing officer found it used approximately 240 square feet more air space than its predecessor. As a result, the visual impact on the traveling public was "greatly enlarged" because the wording on the Days Inn sign was projected six feet higher into the air than the wording on the Holiday Inn sign. Twenty-two new four-by-six vertical boards were placed behind the new sign face. The vertical boards cost $165.00; labor, $179.00; the new sign facing, $970.00.
The hearing officer concluded that White had erected a sign in violation of § 479.11, Fla. Stat. (1977), because the alterations were too extensive to be either "customary, maintenance or repair" of the existing sign or alterations incidental to a change in the sign's advertising message.
Section 479.11(1) provides that no outdoor advertising sign "shall be constructed, erected, used, operated ... within 660 feet ... of the right-of-way ... of the interstate system ..." Section 479.01(12) defines "erect" as follows:
[T]o construct, build, raise, assemble, place, affix, attach, create, paint, draw, or in any other way bring into or establish; but it shall not include any of the foregoing activities when performed as an incident to the change of advertising message or customary maintenance or repair of a sign structure.
A sign in violation of Chapter 479 is "a public and private nuisance and shall be forthwith removed, obliterated or abated by the [department]... ." Section 479.17.
We do not agree with White that DOT's construction of § 479.01(12) is erroneous or overbroad. A finding that raising the sign face several feet was more than incidental to a change in the advertising message is not inconsistent with the statute.
Furthermore, DOT is not required to promulgate a rule as a condition to its delegated authority permitting it to interpret a statute governing its regulatory power. See § 120.68(7), authorizing an agency to interpret law or policy within its exercise of delegated discretion. "While the Florida APA thus requires rulemaking for policy statements of general applicability, it also recognizes the inevitability and desirability of refining incipient agency policy through adjudication of individual cases... . [E]ven the agency that knows its policy may wisely sharpen its purposes through adjudication before casting rules." McDonald v. Dept. of Banking and Finance, 346 So.2d 569, 581 (Fla. 1st DCA 1977). Finally, we conclude that the findings of fact of both DOT and the hearing officer were based on competent, substantial evidence.
The order appealed from is AFFIRMED.
SMITH, Acting C.J., and MITCHELL, HENRY CLAY, Jr., Associate Judge, concur.