366 So.2d 114 (1979)
OUTDOOR ADVERTISING ART, INC., Appellant,
v.
FLORIDA DEPARTMENT OF TRANSPORTATION, Appellee.
No. JJ-187.
District Court of Appeal of Florida, First District.
January 4, 1979.
Rehearing Denied January 31, 1979.
*115 William D. Rowland, Winter Park, for appellant.
Margaret Ray Kemper and John J. Rimes, III, Tallahassee, for appellee.
PER CURIAM.
This cause is before us on appeal from final agency action ordering removal of appellant's outdoor advertising structure for failure of appellant to timely renew the annual permit. Other cases presently pending before this Court[1] involve, inter alia, the same basic question as is presented here, to wit: May advertising signs and structures be removed by DOT on the grounds that the sign owner was late in tendering the annual permit fee? In the past DOT has routinely accepted the late payment of fees and renewed sign permits.[2] The evidence establishes that this is a long-standing policy. DOT concedes the existence of its past practices in accepting late fees from sign owners, but argues that the practice is not authorized by statute and therefor may be abandoned at any time. The occasion for the abandonment of the policy at this time is the fact that the signs in question are subject to eventual removal under the Federal Highway Beautification Act,[3] which Act requires 25% participation by the State in the payment of compensation to the sign owner whose sign is removed under the Act.
We hold that the Florida Statutes[4] which authorize DOT to regulate and to issue licenses and permits with regard to outdoor advertising do not prohibit DOT from accepting payment of fees after the January 1 due-date and that DOT's long-standing practice constitutes an administrative construction of the statutes which is persuasive with this Court. State ex rel Biscayne Kennel Club v. Board of Business Regulation, 276 So.2d 823, 828 (Fla. 1973); Austin v. Austin, 350 So.2d 102, 104 (Fla.1st DCA 1977); see, Price Wise Buying Group v. Nuzum, 343 So.2d 115 (Fla.1st DCA 1977).
Accordingly, the order sought to be reviewed is REVERSED and the cause is REMANDED with directions that appellant be permitted to pay the annual permit fees and receive the appropriate permit.
BOYER, Acting C.J., and MILLS and BOOTH, JJ., concur.
NOTES
[1] White Advertising v. State Department of Transportation, Case # II-90; Peterson Outdoor Advertising v. State Department of Transportation, Case # II-88; A.W. Lee v. State Department of Transportation, 366 So.2d 116, and Walker v. State Department of Transportation, 366 So.2d 96.
[2] Fla. Stat. § 479.07(2) provides in material part:

"... Every application for permit shall be accompanied by payment of the fee for each advertising structure ... included in the application, which fee shall be based on the size of the advertising structure ... as follows: Four lineal feet or less, $1; over 4 lineal feet, $2 per 8 lineal feet or fraction thereof above 4. In addition thereto, the sum of $1 per advertising structure will be added."
[3] 23 U.S.C. § 131.
[4] Fla. Stat. Chap. 479.