PER CURIAM.
This cause is before us on appeal from final agency action by order requiring removal of appellant’s outdoor advertising structure on the grounds of (1) no current permit tag and (2) enlargement of sign in violation of Rule 14 — 10.05(1)(m). As to ground (1), this Court’s opinion in Outdoor Advertising v. DOT, 366 So.2d 114 (1979),[1] applies and the sign owner’s application for a permit should have been granted. As to ground (2), appellant contends that Rule 14-10.05(l)(m), is without supporting statutory authority and that the order is not supported by competent substantial evidence establishing the sign was enlarged. We agree and reverse the order below.
Rule 14-10.05(l)(m) prohibits enlargement or significant repair to a sign which was in existence prior to December 8, 1971, but subsequently became “non-conforming” under the Federal Highway Beautification Act because of the sign’s proximity to the interstate highway system.[2] The rule in question purports not only to prohibit enlargement or repair, but to require destruction of the entire structure on proof of violation. We have reviewed the authorities specified by the Department as the basis for the enactment of this Rule[3] and find no authorization therein expressed. Assuming the Legislature could empower the Department to destroy the private property in question for the violation charged in this case, it has not seen fit to do so.
*117 This case is to be distinguished from the Court’s decision in White Advertising v. DOT, 364 So.2d 104 (1978), where in this Court affirmed removal of a sign found to have been erected in violation of Florida Statute § 479.11[4] by virtue of extensive alterations making the structure in effect a new sign. The hearing officer’s finding in White was that “the subject sign is virtually a replacement of the original.” No such finding was made in this case. The conclusion here was that the sign had been enlarged in violation of Rule 14-10.05(m). In White the order states: “The validity and effect of Rule 14-10.05(m) was not considered in reaching the . . . conclusion.”
Accordingly, the order below is REVERSED and the cause REMANDED for further proceedings consistent herewith..
BOYER, Acting C. J., and MILLS and BOOTH, JJ., concur.

. Accord, Walker v. DOT, 366 So.2d 96 (1979).

. Rule 14-10.05(l)(m), Rules of the Department of Transportation Supp.No. 79: “No advertisement, advertising sign or advertising structure shall be constructed, erected, used, operated or maintained:
(m) Which became nonconforming under the Law and is enlarged, rebuilt, reerected or altered in any manner except normal routine maintenance. For the purpose of this procedure, normal routine maintenance is defined as annual painting and/or replacement of deteriorated structural material, so long as the cost to replace new the deteriorated structural material does not exceed 5% of the depreciated value of the sign.”

. “Specific Authority 20.05(5), 120.53(1), 334.-02(6) F.S. Law Implemented 479.02, 479.05, 479.11, 479.10 and 479.16 F.S., Agreement between Governor and U. S. Department of Transportation.”

. Fla.Stat. § 479.11(1): “No advertisement, advertising sign or advertising structure shall be constructed, erected, used, operated or maintained:
(1) Within 600 feet of the nearest edge of the right-of-way of all portions of the interstate system or the federal-aid primary system