PER CURIAM.
Appellant seeks reversal of that portion of a Department order requiring removal of four of its outdoor advertising signs if it does not remove certain lighting from the signs. We find that the Department’s order is without supporting statutory authority and reverse.
Appellant’s signs were erected and permitted by the Department prior to 1971, and were grandfathered in as nonconforming structures by Sections 479.23 and 479.-24, Florida Statutes (1977). In August, 1977, however the Department issued appellant an “alleged violation of Chapter 479,” claiming that the signs had been enlarged and lighted since the time of permitting and were therefore in violation of their nonconforming status. After a hearing, the Department ordered removal of the signs if the enlargement and the lights were not removed within ten days of the final order. Appellant has now apparently removed the enlargements; the appeal is limited to the issue of whether the lights must also be removed.
The Department presented no evidence establishing when the lights had been added to the signs, although it did introduce appellant’s permit applications which did not include a request for lighting. In its final order, the Department admitted that installation of lights is not specifically prohibited by Chapter 479. It nevertheless upheld the removal order, stating:
“It is clear from the context of the Recommended Order that the Hearing Officer treated the addition of lights to the signs in question on the same basis as enlargement of the sign area, that is as constituting new sign erection and maintenance in a location where such outdoor advertising sign construction is no longer permitted.”
*495 After studying Chapter 479 carefully, we find no basis for the Department’s conclusion. First we would note that the only statutory provision regulating lighting is Section 479.11, which prohibits erection of any sign which “displays intermittent lights not embodied in an outdoor advertising sign, or any rotating or flashing light within 100 feet of the state owned right of way.” That statute is clearly irrelevant here; the disputed lighting consists of four single pole-mounted spotlights which merely illuminate the sign in question.
The Department urges that this court’s opinion in White Advertising International v. Florida Department of Transportation, 364 So.2d 104 (Fla. 1st DCA 1978) supports its order. In that case the court upheld the Department’s construction of Section 479.-01(12), finding that the appellant’s significant expansion and elevation of a sign face had “greatly enlarged” its visual impact on the travelling public and was “more than incidental to a change in the advertising message.” Subsequently, however, in Lee v. Florida Department of Transportation, 366 So.2d 116 (Fla. 1st DCA 1978), this court invalidated the Department’s Rule 14-10.05(l)(m) which had prohibited any enlargement or alteration of nonconforming signs except normal routine maintenance. In that decision the court specifically held that the prohibitions in the Rule were not authorized by the statutory provisions cited by the Department. The Lee court distinguished White, supra, noting the hearing officer’s finding in White that “ ‘the subject sign is virtually a replacement of the original.’ ”
Just as in Lee, supra, there was no finding here, nor could there have been on the record presented, that appellant’s addition of lights to its signs made them “virtually replacements” of the originals. Furthermore there is no substantial competent evidence in the record supporting the Department’s assertion that the lights have been added to the signs since they were grandfathered in under Sections 479.23 and 479.24. In the absence of any statute giving the Department authority to regulate nonhazardous commercial sign lighting, then, we do not believe the Department’s action here can be upheld. We therefore reverse that portion of the order requiring removal of appellant’s lights, and remand the cause for further proceedings consistent herewith.
McCORD, C. J., and MELVIN and BOOTH, JJ., concur.