587 So.2d 640 (1991)
3M NATIONAL ADVERTISING COMPANY, Petitioner,
v.
CITY OF TAMPA CODE ENFORCEMENT BOARD, Respondent.
No. 91-01401.
District Court of Appeal of Florida, Second District.
October 16, 1991.
Theodore C. Taub and Scott I. Steady of Taub & Williams, P.A., Tampa, for petitioner.
Jeffrey T. Shear and Robert M. Larrinaga, Assistant City Attorneys, Tampa, for respondent.
PER CURIAM.
3M National Advertising Company (hereafter "3M") seeks certiorari review of an appellate decision of the circuit court. We find that the circuit court, in affirming a final order of the City of Tampa Code Enforcement Board ("City"), failed to apply the correct law. Accordingly, we grant the petition for certiorari.
Since 1970 3M has owned and maintained an off-site billboard near the junction of interstate highways 4 and 275 in Tampa. In 1985 the city enacted new sign provisions which, if applicable to the 3M site, would not allow operation of the billboard. This particular sign was, however, "grandfathered," because it had been installed well in advance of the ordinance. In 1989 3M, on behalf of a radio station which broadcast frequent traffic reports, embellished the existing billboard with a full-size model of an airplane. As a result 3M was cited for violation of a code provision for-bidding "extension" or "alteration" of nonconforming signage. 3M removed the offending airplane, but the city demanded the complete dismantling of the billboard, relying upon a code provision which declines to extend "nonconforming status" to signs which have been "installed, constructed, placed or maintained" in violation of the code.
The circuit court's order found that 3M "violated the clear intent of [the city code] by structurally or mechanically extending *641 or altering a nonconforming billboard by attaching an airplane to the top of the nonconforming structure." This finding is amply supported by the record and is not contested in the petition for certiorari. However, the court went on to hold that "[a]s a result, [the] billboard became an illegal sign, lost its nonconforming use, and must be removed ..." It is here that we believe the circuit court erred. As a general principle, Florida law considers forfeiture a harsh sanction; if a statute or ordinance does not expressly provide for a forfeiture, one will not be implied. Nash Miami Motors, Inc. v. Bandel, 47 So.2d 701 (Fla. 1950). The record before us fails to demonstrate that the circumstances of this case justify what is, in effect, a complete forfeiture of 3M's property.
Termination of a "grandfathered" nonconforming use can constitute a compensable taking. See generally, Lewis v. City of Atlantic Beach, 467 So.2d 751 (Fla. 1st DCA 1985). On the other hand, the law views the extension or enlargement of such uses with disfavor; it is expected that such uses will gradually be eliminated over the course of time, through abandonment, destruction, and obsolescence. San Diego County v. McClurken, 37 Cal.2d 683, 234 P.2d 972 (1951).
Few if any Florida cases address the appropriate remedy when a lawful nonconforming use is subsequently modified or altered. Perhaps the leading case is Lee v. Florida Dept. of Transportation, 366 So.2d 116 (Fla. 1st DCA 1979), in which departmental rules, like the Tampa city code, forbade enlargement or "significant repair" of nonconforming billboards. Those rules further required demolition of the entire structure upon proof of violation. The appellate court found no legislative authorization for such a rule and so invalidated it. That is, even assuming the legislature could empower the department to destroy property for such violations, it had not done so. A different result had been reached in an earlier case, White Advertising International v. Florida Dept. of Transportation, 364 So.2d 104 (Fla. 1st DCA 1978), but only because the second sign was "virtually a replacement of the original." Lee, 366 So.2d at 117.
Where such power has been expressly delegated, courts have sustained its exercise. See, e.g., Hulshof v. Missouri Highway & Transportation Comm., 737 S.W.2d 726 (Mo. 1987).[1] Otherwise, the rule appears to be that a prohibited increase in a nonconforming use does not result in loss of the entire use, at least if the landowner can return to the status quo ante. Bither v. Baker Rock Crushing Co., 249 Or. 640, 440 P.2d 368 (1968).[2] The city argues that its code provisions are sufficiently explicit to demand the total removal of 3M's billboard. We disagree. Accordingly, we grant the petition for writ of certiorari, quash the decision under review, and remand this case to the circuit court for further proceedings consistent with this opinion. Our decision is without prejudice to the city to establish, after remand, that 3M was unable to return to the status quo ante merely by removing the airplane, and that such alteration did not constitute a total reconstruction of the sign such as occurred in White Advertising International.
Petition granted.
DANAHY, A.C.J., and CAMPBELL and THREADGILL, JJ., concur.
NOTES
[1] Missouri law does appear to excuse inadvertent additions to and expansions of roadside signs, so long as those modifications can be and are expeditiously removed. See, e.g., Roberts v. Missouri Highway & Transportation Commission, 741 S.W.2d 815 (Mo. 1987).
[2] See also Bixler v. Pearson, 188 So.2d 681 (Fla. 4th DCA 1966), the result in which, however, may have depended more upon principles of equitable estoppel than the power of a local government to discontinue a nonconforming use.