791 So.2d 505 (2001)
RICHBON, INC. and The Mint Lounge, Petitioners,
v.
MIAMI-DADE COUNTY, Respondent.
No. 3D00-2847.
District Court of Appeal of Florida, Third District.
July 11, 2001.
Rehearing Denied August 24, 2001.
*506 Hugh D. McNew, for petitioners.
Robert Ginsburg, County Attorney, and David Stephen Hope, Assistant County Attorney, for respondent.
Before LEVY, FLETCHER, and SORONDO, JJ.
FLETCHER, Judge.
Richbon, Inc. and The Mint Lounge seek the issuance of a writ of certiorari quashing a decision of the circuit court which affirmed without opinion a decision of the Miami-Dade County Code Enforcement Board [Board].[1] We grant the writ and quash the circuit court's decision[2].
Richbon was cited for ostensible violations of section 33-8, Miami-Dade County Code, i.e., failure to obtain a certificate of use and occupancy for The Mint Lounge, a nightclub with adult entertainment. Richbon's defense at the Board was that it had tried to obtain a certificate for its operation, but the County wrongfully refused to issue one. The County's response was that the zoning on The Mint Lounge property does not allow its use as a nightclub with adult entertainment, therefore the County's denial of the requested certificate was appropriate.
The subject property has a convoluted zoning history.[3] In January, 1962 a variance of spacing requirements (code mandated distances from churches and schools) to permit a liquor bar was granted by the County's Zoning Appeals Board [ZAB]. In 1976 Richbon filed an application for maintenance and continued use of a nightclub "in an existing[4] liquor, beer and wine bar," and a variance of spacing requirements for alcoholic beverage uses on other properties, churches, and schools. This application was denied by the ZAB and Richbon appealed to the county commission which reversed the ZAB's decision. The county commission's reversal resolution Z-21-77 stated:
"WHEREAS, Bon Rich [sic] Corporation had appealed the decision of the Zoning Appeals Board to this Board ... and after reviewing the record and decision of the Zoning Appeals Board ... it is the opinion of this Board that the grounds and reasons specified for the reversal of the ruling made by the Zoning Appeals Board were sufficient to merit a reversal of the decision;
[T]he decision of the Zoning Appeals Board be and the same is hereby overruled *507 and the requested unusual use be and the same is hereby approved...."[5]
The resolution then stated:
"The Zoning Director is hereby directed to make the necessary notations upon the maps and records of the Dade County Building and Zoning Department."
The record reflects no judicial review, thus the approval became final thirty days later (in March, 1977). See Rule 9.110(b), Fla. R.App. P. On the County's official zoning maps the bar now was unconditionally a nightclub.
We note that the county commission resolution approved the nightclub without mentioning a variance for spacing, which had been denied earlier by the ZAB and the county commission (by resolution no. Z-12-77). This raises in one's mind the question as to why the county commission approved the nightclub if code mandated spacing was not varied. To this conundrum there are several potential answers. For example, (1) the County discovered between its first and second hearing that there was no necessity for a variance as the code mandated spacing requirements were met at that time[6]; or (2) the County concluded that the earlier (January, 1962) spacing variance remained in effect; or (3) both. Whatever. The question is moot. The county commission approved the zoning request for the nightclub use and ordered the zoning maps containing The Mint Lounge property to be altered to reflect the nightclub approval. There was no appeal of this quasi-judicial decision, which became final and controlling.[7]
The nightclub added "adult entertainment" to its operation sometime prior to the effective date of the County's ordinance regulating adult entertainment. The nightclub's adult entertainment was thus "grandfathered" in as a prior existing use.[8] As a consequence all the right buttons had been pushed for the issuance of a grandfathered adult entertainment LVT certificate of use and occupancy. Nonetheless when Richbon applied therefor issuance of the certificate was denied. The County subsequently issued violation notices, hearings were held before the Board, and Richbon was fined (for not having the certificate to which it was entitled but which the County refused to issue).
Richbon appealed to the circuit court, which affirmed without opinion the Board's *508 decision. Richbon now seeks the issuance of our writ quashing the circuit court's affirmance.
We conclude that the circuit court failed to apply the correct law.[9] The County is (and was) estopped from denying the issuance of the permit as Richbon had successfully taken every step required of it to obtain the certificate, and at the time of application there were no valid impediments to its issuance, see Dade County v. Jason, 278 So.2d 311 (Fla. 3d DCA 1973) and cases cited therein. Richbon cannot be fined or otherwise punished for Dade County's refusal to issue the certificate to which Richbon was legally entitled. Accordingly we issue our writ quashing the decision of the circuit court, and direct further proceedings consistent herewith.
Writ issued.
NOTES
[1] It appears that Miami-Dade County uses special masters, rather than boards, as permitted by section 162.03, Florida Statutes (2000). The special master has the same status as a code enforcement board. § 162.03(2), Fla. Stat. (2000).
[2] Review of a code enforcement board's decision by the circuit court is by appeal pursuant to section 162.11, Florida Statutes (2000).
[3] We will attempt to spare the reader any immaterial events.
[4] One condition had been attached to the ZAB's 1962 approval of the spacing variance for the barthat the property be rezoned to BU-2. The bar's subsequent existence presumes that the condition was met.
[5] The Miami-Dade County Code authorizes resolutions granting applications to include reasonable conditions which must be met. There were no conditions attached to this approval by the county commission, the only entity empowered to attach conditions to county commission resolutions. Any conditions attempted to be attached by other boards or the county staff are ultra vires and void. We note that in 1963 the ZAB had previously approved a special exception to permit the "extension of a beer/wine/liquor bar to a nightclub and the enlargement of space for such use." Various conditions were attached to this approval. When the nightclub unusual use (a different creature, made available through section 33-13, Miami-Dade County Code) was approved by the county commission (by Resolution Z-21-77), the commission's approval did not contain or carry forward the conditions of the ZAB's 1963 resolution.
[6] Although the parties disagree as to its pedigree, the record contains a "liquor survey" stating that there are no entities selling alcoholic beverages within 3,000 feet of The Mint Lounge. The disagreement, however, is moot. See the above text.
[7] This decision approving the nightclub required a 1:00 A.M. closing time, which was later (June, 1986), on a zoning application by Richbon, extended to 3:00 A.M. This action certainly is an acknowledgement by the County of the use approved by county commission resolution no. Z-21-77.
[8] As acknowledged by an internal building and zoning department memorandum.
[9] There are no disputed material facts. As in Jesus Fellowship, Inc. v. Miami-Dade County, 752 So.2d 708 (Fla. 3d DCA 2000); Maturo v. City of Coral Gables, 619 So.2d 455 (Fla. 3d DCA 1993); and Herrera v. City of Miami, 600 So.2d 561 (Fla. 3d DCA), rev. denied, 613 So.2d 2 (Fla.1992), we have here reviewed the record only to determine whether the circuit court applied the correct law.