962 So.2d 931 (2007)
MARION COUNTY, Florida, et al., Appellants,
v.
Deborah Kay GRUNNAH, Appellee.
No. 5D06-3700.
District Court of Appeal of Florida, Fifth District.
July 6, 2007.
Rehearing Denied August 29, 2007.
*932 Thomas L. Wright, County Attorney, and Thomas D. MacNamara, Chief Assistant County Attorney, Ocala, for Appellant.
Rob McNeely of The McNeely Law Firm, Tallahassee, for Appellee.
TORPY, J.
This case involves a challenge by Appellee to a code board determination that her dogs are "dangerous," as defined by section 767.12, Florida Statutes (2006). The threshold question we must address relates to the jurisdiction of the county court to hear Appellee's challenge. The statute clearly specifies that the challenge be filed in the county court, but arguably is ambiguous as to whether the county court is required to hear the controversy de novo, or by more narrow review in the nature of an appellate proceeding. After the county court determined that the challenge would proceed under the more narrow scope of review, Appellee petitioned for a writ of prohibition in the circuit court. The circuit court granted the writ and directed the county court to proceed de novo. Appellant challenges the propriety of the circuit court order. Because we conclude that prohibition was not the appropriate remedy to address the manner by which the county court had determined to exercise its jurisdiction, and was otherwise unavailable, we reverse and quash the writ.
The Marion County Code Enforcement Board held a hearing to determine whether to classify Appellee's three Anatolian Shepherds as dangerous dogs, pursuant to section 767.12, Florida Statutes, and the Marion County Animal Ordinance. Appellee had requested the hearing after an animal control officer initially determined that her dogs were dangerous because they allegedly killed the neighbor's Chihuahua. The Board issued a final order finding that all three of Appellee's dogs were dangerous. The Board's order informed Appellee that she had the right to appeal the Board's determination to the county court within ten days and that the appeal "shall be by petition for a writ of certiorari under the traditional record review applicable to other types of appeals *933 from quasi-judicial decisions of administrative bodies."
Appellee timely filed a "Request for Hearing/Notice of Appeal/Petition for Writ of Certiorari Regarding Final Order Dangerous Dog Classification" in the county court. The county court judge, sua sponte, issued an order to the parties, acknowledging receipt of Appellee's request for hearing and stating that it was acting in its appellate capacity, pursuant to section 767.12(1)(d), Florida Statutes, which provides that "the owner may file a written request for a hearing in the county court to appeal the [dangerous dog] classification. . . ." In the order, the county court found that the appeal provided for in the statute was not an appeal de novo, but was instead a "traditional record review." The court ordered the parties to file a record of the proceedings before the Board and appear for a hearing, at which the court would schedule briefing and oral argument.
Appellee responded by filing a "Suggestion of Lack of Jurisdiction or Motion for Rehearing or, Alternatively, to Alter or Amend Judgment and Request for Full Evidentiary Hearing." Appellee's motion asserted that either the county court lacked appellate jurisdiction or Appellee was entitled, under the Florida Constitution and case law, to a full evidentiary de novo hearing to challenge the Board's determination that her dogs are "dangerous." The county court issued an order denying Appellee's suggestion of lack of jurisdiction, motion for rehearing, motion to alter or amend judgment, and request for full evidentiary hearing. Thereafter, Appellee filed a petition for writ of prohibition in the Marion Circuit Court, seeking to prohibit the county court judge from proceeding in an "appellate capacity" by only conducting a record review of the Board's order. The circuit court granted the petition and concluded that the county court was required to conduct a de novo evidentiary hearing to allow Appellee to "answer and defend" against the Board's dangerous dog classifications. This appeal timely followed.
At the outset, we note that the parties properly agree that the county court does have subject matter jurisdiction to hear challenges from the Marion County Code Enforcement Board. Article V, section 6(b), Florida Constitution, sets out the jurisdiction of county courts and provides that county courts "shall exercise the jurisdiction prescribed by general law. Such jurisdiction shall be uniform throughout the state." The parties also properly agree that section 767.12(1)(d), Florida Statutes (2006), is such a general law and does empower the county court to hear Appellee's challenge to the Board's determination. The disagreement between the parties relates to the scope of that review authority, whether it is in the nature of a plenary appeal, by petition for writ of certiorari, or de novo. We need not resolve this issue to dispose of this appeal because we think that prohibition was not available as a remedy and, therefore, the circuit court departed from the essential requirements of the law when it granted the petition and issued the writ.
The writ of prohibition is an extraordinary writ. It is extremely narrow in scope and may be invoked only in emergency cases to forestall an impending injury where no other appropriate and adequate legal remedy exists and only when damage is likely to follow. Fla. Water Servs. Corp. v. Robinson, 856 So.2d 1035 (Fla. 5th DCA 2003). Prohibition will lie only to prevent a lower tribunal from acting without jurisdiction or in excess of its jurisdiction, not to prevent the erroneous exercise of jurisdiction. Id. at 1037. Here, it is without dispute that the county court has the jurisdiction to review the *934 actions of the Board. The dispute centers on the nature and scope of that review, issues that address how the county court exercises its jurisdiction, not whether it has jurisdiction. Moreover, we do not view this case as appropriate for the use of this extraordinary remedy as no emergency exists, and Appellee may obtain complete relief in a plenary appeal.[1]
We therefore reverse the order of the circuit court and quash the writ of prohibition.
REVERSED; WRIT QUASHED.
PLEUS and ORFINGER, JJ., concur.
NOTES
[1] Appellee concedes that her petition to the circuit court could not be treated as seeking certiorari because it was not timely filed. See Maliska v. Broome, 609 So.2d 711, 711 n. 1 (Fla. 4th DCA 1992); Lawrence v. Orange County, 404 So.2d 421 (Fla. 5th DCA 1981).