974 So.2d 431 (2007)
SARASOTA COUNTY, Florida, Petitioner,
v.
BOW POINT ON the GULF CONDOMINIUM DEVELOPERS, LLC, a Florida limited liability company, Respondent.
No. 2D07-1984.
District Court of Appeal of Florida, Second District.
October 26, 2007.
Stephen E. DeMarsh, County Attorney, and Gary K. Oldehoff, Assistant County Attorney, Sarasota, for Petitioner.
David A. Wallace and Morgan R. Bentley of Williams Parker Harrison Dietz & Getzen, P.A., Sarasota, for Respondent.
WALLACE, Judge.
Sarasota County petitions for a writ of certiorari to quash an order of the circuit court acting in its appellate capacity. The circuit court's order reversed a compliance order that had been issued by a code enforcement special magistrate. The compliance order required Bow Point on the Gulf Condominium Developers, LLC, to cease operating a motel on Manasota Key. .Although the motel use was nonconforming, the motel operation predated the applicable county zoning regulation. After the zoning regulation went into effect, the *432 motel had continued operating under the benefit of a grandfather clause. Because the circuit court applied the correct law in at least one ground of its decision when it concluded that a sixteen-month interruption of the motel operation for necessary repairs and renovations did not trigger a discontinuance provision in the zoning ordinance, we deny the petition.
Under the County's zoning ordinance, nonconforming uses that continue to operate after the effective date of the regulation are subject to the following discontinuance provision:
Discontinuance
If any such nonconforming use ceases for any reason (except when governmental action impedes access to the premises) for a period of more than 365 consecutive days, any subsequent use of such land shall conform to the regulations specified by these zoning regulations for the district in which such land is located.
Sarasota County, Fla., Zoning Regulations art. 8.2.3.b. (2004). Such a discontinuance provision is one of the methods by which nonconforming uses may be gradually eliminated over the course of time. Other methods include attrition, destruction, and obsolescence. See 3M Nat'l Adver. Co. v. City of Tampa Code Enforcement Bd., 587 So.2d 640, 641 (Fla. 2d DCA 1991); Mark A. Rothenberg, The Status of Nonconforming Use Law in Florida, 79 Fla. B.J. 46, 46 (Mar.2005).
After a hearing, the special magistrate[1] found that Bow Point's property had been "re-opened for business as a motel/inn after ceasing such use for a period greater than 365 days" in violation of the discontinuance provision. The special magistrate's order directed Bow Point to "cease all operations as a commercial hotel/motel establishment in 60 days." Bow Point appealed to the circuit court, and the circuit court reversed the compliance order.[2]
On review by certiorari in this court, the County does not claim a denial of due process in the circuit court. Therefore, our review of the circuit court's order is limited to determining whether the circuit court applied the correct law. See Massey v. Charlotte County, 842 So.2d 142, 144 (Fla. 2d DCA 2003).
In its order, the circuit court based the reversal of the special magistrate's order on five separate grounds. As to four of these grounds, we conclude that the circuit court applied the incorrect law.[3] *433 However, the circuit court applied the correct law in determining that the suspension of Bow Point's motel operation for sixteen months during necessary repairs and renovations did not constitute a discontinuance of the nonconforming use. See City of Miami Beach v. State ex rel. Parkway Co., 128 Fla. 118, 174 So. 443, 445 (1937); Maroon v. Miami-Dade County, 6 Fla. L. Weekly Supp. 754d (Fla. 11th Cir.Ct. Aug. 25, 1999). See generally Rothenberg, 79 Fla. B.J. at 47-48. Accordingly, the reopening of the motel was not unlawful under the discontinuance provision of the applicable county zoning ordinance.
Petition denied.
STRINGER and SILBERMAN, JJ., concur.
NOTES
[1] It appears from our record that Sarasota County uses special magistrates to hear code enforcement proceedings. The use of special magistrates instead of boards is authorized by section 162,03, Florida Statutes (2005). Under section 162.03(2), the special magistrate enjoys the same status as the code enforcement board. See Richbon, Inc. v. Miami-Dade County, 791 So.2d 505, 506 n. 1 (Fla. 3d DCA 2001) (referring to "special masters," the term used in earlier versions of the statute).
[2] Review of a code enforcement board's order is by appeal to the circuit court. §§ 26.012(1), 162.11, Fla. Stat. (2005); Fla. R.App. P. 9.030(c)(1)(C). See Richbon, Inc., 791 So.2d at 506 n. 2; Kirby v. City of Archer, 790 So.2d 1214, 1215 (Fla. 1st DCA 2001).
[3] In at least two instances, the circuit court departed from its appellate role and improperly reweighed the evidence that had been presented to the special magistrate. Under section 162.11, an appeal of the code enforcement board's order to the circuit court "shall not be a hearing de novo but shall be limited to appellate review of the record created before the enforcement board." Where, as in this matter, the circuit court reviews local governmental administrative action, "three questions are asked: whether due process was afforded, whether the administrative body applied the correct law, and whether its findings are supported by competent substantial evidence." Lee County v. Sunbelt Equities, II, Ltd. P'ship, 619 So.2d 996, 1003 (Fla. 2d DCA 1993). The circuit court is not permitted to go further and reweigh the evidence presented to the administrative agency. Id.