988 So.2d 1281 (2008)
CITY OF OCALA, Appellant,
v.
Vicki V. GARD and Chester Strader, Appellee.
No. 5D08-60.
District Court of Appeal of Florida, Fifth District.
August 29, 2008.
*1282 Eric P. Gifford, of Gilligan, King, Gooding, & Gifford, P.A., Ocala, for Appellant.
James L. Moody, Ocala, for Appellee.
LAWSON, J.
The City of Ocala, Florida, timely appeals from an order granting Vicki V. Gard and Chester R. Strader's petition for writ of prohibition and thereby prohibiting the City from destroying petitioners' dog. Because petitioners had an adequate remedy at law, in that they could have filed a direct appeal of the City's Code Enforcement Board's decision to destroy the dog, the writ of prohibition should not have been granted. We, therefore, reverse and quash the writ.
Petitioners' male pit bull was determined to be a "dangerous dog" pursuant to section 14 of the City's code, after it mauled and killed a neighbor's cat. After this designation, and after petitioners were further cited on three separate occasions for allowing the dangerous dog to roam unconfined, the City's animal control unit confiscated and impounded the dog when it was found loose on a fourth occasion. Petitioners were notified that the dog would be destroyed in accordance with the City's code and requested a hearing before the City's Code Enforcement Board. Following the hearing, the Code Enforcement Board upheld the decision of the animal control unit. Petitioners appealed this decision to the circuit court, which found that competent and substantial evidence supported the decision. However, the circuit court was concerned that the board may not have understood that it had the discretion to order a penalty other than the dog's destruction, and therefore remanded the matter back to the board for reconsideration. After a further hearing, the board voted again to uphold the animal control unit's decision to kill the dog. Petitioners were notified of their right to appeal this decision to the circuit court, but instead sought a petition for writ of prohibition against the City, which the trial court granted.
It is well-settled that prohibition is an extraordinary writ that is extremely narrow in scope and may be invoked only *1283 in emergency cases to forestall an impending injury where no other appropriate and adequate legal remedy exists and only when damage is likely to follow. E.g., English v. McCrary, 348 So.2d 293 (Fla. 1977); Marion County v. Grunnah, 962 So.2d 931 (Fla. 5th DCA 2007). Thus, prohibition is the appropriate remedy to prevent an inferior tribunal from acting in excess of jurisdiction but not to prevent an erroneous exercise of jurisdiction. E.g., Mandico v. Taos Constr., Inc., 605 So.2d 850 (Fla.1992); S. Records & Tape Serv. v. Goldman, 502 So.2d 413 (Fla.1986). Prohibition is also inappropriate if the parties have the right to remedy the wrong by direct appeal. E.g., Broward County v. Fla. Nat'l Props., 613 So.2d 587 (Fla. 4th DCA 1993); Bondurant v. Geeker, 499 So.2d 909 (Fla. 1st DCA 1986); see also O'Donnell's Corp. v. Ambroise, 858 So.2d 1138 (Fla. 5th DCA 2003) (Sawaya, C.J., concurring). In this case, a review of the petition for writ of prohibition reveals at most allegations of an erroneous exercise of jurisdiction by the board which could have been addressed by a plenary appeal to the circuit court. § 162.11, Fla. Stat. (2007) ("An aggrieved party ... may appeal a final administrative order of an enforcement board to the circuit court.... An appeal shall be filed within 30 days of the execution of the order to be appealed."). Accordingly, we find that the circuit erred in granting the writ of prohibition, and quash the writ.
REVERSED; WRIT QUASHED.
PLEUS and COHEN, JJ., concur.