NOT FINAL UNTIL TIME EXPIRES TO FILE REHEARING
MOTION AND, IF FILED, DETERMINED

IN THE DISTRICT COURT OF APPEAL

OF FLORIDA

SECOND DISTRICT

THE SCHOOL BOARD OF                )
HILLSBOROUGH COUNTY, FLORIDA,      )
                                   )
        Petitioner,                )
                                   )
v.                                 )        Case No. 2D15-5337
                                   )
DAVID TENNEY,                      )
                                   )
        Respondent.                )
_____    )

Opinion filed September 16, 2016.

Petition for Writ of Certiorari to the
Circuit Court for the Thirteenth Judicial
Circuit for Hillsborough County; sitting in
its appellate capacity.

Deborah H. Oliver and Christina E. Blood
of Adams and Reese LLP, Tampa, for
Petitioner.

Branden Vicari of Herdman & Sakellarides,
P.A., Clearwater, for Respondent.


SALARIO, Judge.

        The School Board of Hillsborough County seeks second-tier certiorari

review of a circuit court order granting David Tenney's petition for writ of certiorari. Mr.

Tenney filed his petition after the school board voted to terminate his employment as a

middle school teacher. We conclude that the circuit court applied the wrong standard of review to the school board's decision only insofar as that decision rested on Mr. Tenney's use of a personal laptop in the classroom in violation of school district policy. We grant the petition to that extent and deny it without comment in all other respects.

Mr. Tenney was a geography and science teacher at Liberty Middle School in Tampa. While he was teaching a class in 2012, an image of a partially unclothed woman appeared on a smart board that Mr. Tenney had connected to a personal laptop that he owned and that he used to prepare and display materials for classroom instruction. According to Mr. Tenney, he was not facing the smart board when the image appeared because he was writing down notes for class. After he heard a sudden gasp from his students, he realized what had happened, clicked off the image, and proceeded to teach class without discussion of the event. He has since explained that the image was not one that had been stored on his computer, but rather was a "popup" from an internet source that he did not and could not control. Although Mr. Tenney did not report the incident to his superiors, a student told another teacher and news of the incident eventually reached the principal.

The school district conducted an investigation of the events, after which the superintendent of schools notified Mr. Tenney in writing of her intention to recommend that the school board terminate his employment. The notice alleged that the school board had cause for termination under the Hillsborough County Teacher Tenure Act[1] because Mr. Tenney's conduct in respect of the relevant events constituted

---

[1]See ch. 21287, Laws of Fla. (1941), as amended by ch. 24587, Laws of Fla. (1947), ch. 69-1146, Laws of Fla. (1969), and ch. 75-384, Laws of Fla. (1975).

"immorality," "insubordination," a "persistent violation of or willful refusal to obey laws or policies relating to the public schools," and a "failure to demonstrate competency to perform the duties of employment in instruction, evaluation, and management of students in accordance with generally accepted standards of the profession." See ch. 69-1146, § 4(a), Laws of Fla. (1969) (adding the quoted language to the Hillsborough County Teacher Tenure Act). The school board held an evidentiary hearing on September 3, 2013, after which it rejected the superintendent's allegations of immorality and insubordination, but found by a vote of four to three that Mr. Tenney had committed persistent or willful violations of laws or policies relating to the public schools and had failed to demonstrate competency to perform the duties of employment. As relevant to this opinion, the school board's finding of violations of laws or policies was based upon Mr. Tenney's use of his personal laptop in the classroom in violation of district policy governing the use of personal electronic devices.

As concerns the use of the personal laptop, Mr. Tenney testified at the school board hearing that when he used the classroom smart board with computers provided by the school district, the computers would freeze up and impede his ability to instruct his students. He therefore approached the school's technology coordinator, who installed school district software on his personal laptop so he could use that laptop instead of the computers provided by the district and, hopefully, avoid those problems.

The school board introduced certain written policies governing the use of technology, the internet, and the school network. In relevant part, those policies provided (1) that only "district-approved" devices could be connected to the school district's network, (2) that users have a "limited privacy expectation" in the content of

- 3 -

"personal files and records of their online activity while on the network," and (3) that staff members have no expectation that information on computers and other equipment owned by the school district is confidential or private. It also offered the testimony of the school district technology manager, who testified that at the time of the events, personal devices like Mr. Tenney's laptop were not allowed to be used on the district's network. The Liberty Middle School principal testified that he never approved Mr. Tenney's personal laptop for use on the district's network.

Mr. Tenney filed a petition for writ of certiorari with the circuit court pursuant to section 120.68(1), Florida Statutes (2013), and the Teacher Tenure Act to challenge the school board's termination of his employment. The circuit court granted the petition, finding that the evidence submitted to the school board did not support the alleged violations. The school board now requests that we quash the circuit court's order.

Judicial review of administrative action, like that of the school board here, proceeds in two tiers. The first tier begins with the filing of a petition for a writ of certiorari in the circuit court, which reviews the agency decision to determine "whether procedural due process is accorded, whether the essential requirements of the law have been observed, and whether the administrative findings and judgment are supported by competent substantial evidence." City of Deerfield Beach v. Vaillant, 419 So. 2d 624, 626 (Fla. 1982); see also Redner v. City of Tampa, 827 So. 2d 1056, 1058 (Fla. 2d DCA 2002). A party may then seek second-tier review of the circuit court's order by filing a petition for writ of certiorari in the district court of appeal. Vaillant, 419 So. 2d at 626. The district court's review of a circuit court's decision is highly circumscribed: it

assesses only "whether the circuit court afforded procedural due process and applied the correct law." See id.; see also Fla. Power & Light Co. v. City of Dania, 761 So. 2d 1089, 1092 (Fla. 2000).

The school board argues that the circuit court failed to apply the correct law because it applied the wrong standard of review to the evidence supporting the school board's decision to terminate Mr. Tenney's employment. It asserts that although the law as just described required the circuit court to review the school board's decision solely for competent substantial evidence, the circuit court instead conducted a de novo reweighing of the evidence and decided that Mr. Tenney had the better case. With respect to the issue regarding the use of the personal laptop, we agree.

A circuit court's review of an agency decision for competent substantial evidence is limited to determining whether the evidence before the agency was legally sufficient to support the agency's decision. Fla. Power & Light, 761 So. 2d at 1092 ("Competent substantial evidence is tantamount to legally sufficient evidence."). The circuit court may not reweigh the evidence to determine whether the agency made "the 'best' decision or the 'right' decision or even a 'wise' decision." Dusseau v. Metro. Dade Cty. Bd. of Cty. Comm'rs, 794 So. 2d 1270, 1276 (Fla. 2001). Instead:

> The [circuit] court must review the record to assess the evidentiary support for the agency's decision. Evidence contrary to the agency's decision is outside the scope of the inquiry at this point, for the reviewing court above all cannot reweigh the "pros and cons" of conflicting evidence. While contrary evidence may be relevant to the wisdom of the decision, it is irrelevant to the lawfulness of the decision. As long as the record contains competent substantial evidence to support the agency's decision, the decision is presumed lawful and the court's job is ended.

Id. When a circuit court conducts a de novo review of the evidence bearing on an agency decision instead of determining whether the administrative body's decision is supported by competent substantial evidence, it fails to apply the correct law, a failure that makes relief in this court by way of second-tier certiorari appropriate. See Dusseau, 794 So. 2d at 1275 (holding that a circuit court departs from the essential requirements of law when it reweighs evidence presented to agency instead of reviewing for competent substantial evidence); Fla. Power & Light, 761 So. 2d at 1093 (holding that circuit court's reweighing of evidence presented to agency "is tantamount to departing from the essential requirements of law"); see also City of Sarasota v. Pleasures II Adult Video, Inc., 799 So. 2d 325, 327 (Fla. 2d DCA 2001) ("A circuit court departs from the essential requirements of the law when it substitutes its judgment for that of the hearing officer, reweighs the evidence, or reevaluates the credibility of the evidence.").

Although the circuit court's order couched its analysis of the use of the personal laptop in the language of review for competent substantial evidence—stating that the evidence was insufficient to support the school board's decision—the balance of the order makes clear that the court conducted a de novo reweighing of the evidence. See Dusseau, 794 So. 2d at 1275 ("Although the circuit court phrased its reversal in terms of 'competent substantial evidence,' the plain language of its order shows that the court in fact reweighed the evidence, at length."). The circuit court acknowledged that the principal and district technology manager testified to the effect that Mr. Tenney's personal laptop was not approved for use on the district's network. The circuit court reasoned, however, that the written policy did not expressly prohibit the use of personal

devices, but instead "limit[ed] devices accessing the network and for instructional use to '[d]istrict-approved' devices" and that "district approval" was not defined by the materials in the record. The circuit court decided that personal devices must have been approved for use on the district's network in some circumstances because the policies referred to a "limited expectation of privacy" in personal files on devices connected to the network and, in contrast, said there was no expectation of privacy at all with respect to district-owned devices.

The circuit court found that Mr. Tenney's use of his laptop under the circumstances was not a violation of district policy, reasoning as follows:

> where there is no absolute proscription against personal devices, and where the technology professional affiliated with the school made Petitioner's personal laptop compatible with the network by downloading District software onto the device, if the device was not "[d]istrict-approved" the court agrees with Petitioner that the District is sending a mixed message in that regard.

The circuit court thus reweighed the evidence with regard to two of the school board's conclusions. First, it reviewed the written policies and determined that the ambiguous language necessarily meant that the use of personal devices was sometimes allowed, thereby concluding that the school board's interpretation of its written policies was not "the 'best' decision or the 'right' decision." See Dusseau, 794 So. 2d at 1276. Second, it acknowledged there were witnesses who testified that personal devices were not approved for the uses Mr. Tenney made of them but then pointed to evidence that conflicted with that testimony—essentially determining that Mr. Tenney's testimony was entitled to more weight than the testimony of the principal and the technology manager for the school district.

- 7 -

In sum, rather than reviewing the record to see if the school board's ruling was supported by competent substantial evidence, it "reviewed the decision to determine whether it was opposed by competent substantial evidence." See Dusseau, 794 So. 2d at 1275. In this respect, the trial court applied the wrong legal standard. See Dep't of Highway Safety & Motor Vehicles v. Wiggins, 151 So. 3d 457, 471 (Fla. 1st DCA) ("[P]utting contrary evidence on the judicial scales is 'outside the scope of the inquiry' at the circuit court level . . . ."), review granted, 168 So. 3d 231 (Fla. 2014); Town of Manalapan v. Gyongyosi, 828 So. 2d 1029, 1033 (Fla. 4th DCA 2002) (granting petition for second-tier certiorari where circuit court considered evidence offered by opponent of administrative body's decision).

As such, we grant the petition in part and quash that portion of the circuit court's order addressing Mr. Tenney's use of his personal laptop. We return the case to the circuit court to reconsider the issue concerning the personal laptop in accord with the competent substantial evidence standard of review. See Fla. Power & Light, 761 So. 2d at 1093 (explaining that the proper course where certiorari is granted for failure to apply the competent substantial evidence standard of review is to return the matter to the circuit court to reconsider the issue under the proper standard). We express no view on the outcome when the correct standard is applied. We deny the petition in all other respects.

Petition granted in part and denied in part; order partially quashed.

SILBERMAN and CRENSHAW, JJ., Concur.

- 8 -