DISTRICT COURT OF APPEAL OF FLORIDA
SECOND DISTRICT
_____

MGM OF WEST FLORIDA, LLC,

Petitioner,

v.

MANATEE COUNTY,

Respondent.

No. 2D2024-1120
_____

March 5, 2025

Petition for Writ of Certiorari to the Circuit Court for the Twelfth Judicial Circuit for Manatee County; sitting in its appellate capacity.

Tracy S. Carlin and Joseph T. Eagleton of Brannock Berman & Seider, Tampa; Derin A. Parks, William S. Galvano, and Stephen R. Josephik of Grimes Hawkins Gladfelter & Galvano, P.L., Bradenton, for Petitioner.

Robert E. Johnson and David L. Smith of GrayRobinson, P.A., Tampa, for Respondent.

ROTHSTEIN-YOUAKIM, Judge.

MGM of West Florida, LLC, seeks second-tier certiorari review of a circuit court order affirming a special magistrate's compliance order. Because the circuit court reviewed that order under the first-tier certiorari standard of review rather than by plenary appeal, we grant MGM's petition and quash the circuit court's order.

On May 13, 2021, Manatee County issued MGM a notice that MGM was violating section 401.2 of the Manatee County Land Development Code by using its property for concrete or rock crushing without site plan

approval. MGM claimed a right to appeal the notice to the Manatee County Board of County Commissioners (BOCC) under section 370 of the LDC, contending that the notice constituted an administrative determination. The County responded that the notice was not appealable and instead set the matter for hearing by a code enforcement special magistrate, who ultimately rendered a compliance order concluding that MGM was indeed violating section 401.2 based on a failure to obtain site plan approval for its activities. Pursuant to section 162.11, Florida Statutes (2021), MGM appealed that order to the circuit court, which affirmed the order after reviewing it under the three-prong standard of review appropriate in first-tier certiorari proceedings, i.e., (1) whether procedural due process was afforded, (2) whether the essential requirements of the law were observed, and (3) whether competent substantial evidence supported the findings. *See City of Deerfield Beach v. Vaillant*, 419 So. 2d 624, 626 (Fla. 1982) (setting out standard for first-tier certiorari).

Our review on second-tier certiorari "is highly circumscribed," requiring that we determine "whether the circuit court afforded procedural due process and applied the correct law." *Sch. Bd. of Hillsborough Cnty. v. Tenney*, 210 So. 3d 130, 133 (Fla. 2d DCA 2016) (quoting *Vaillant*, 419 So. 2d at 626). A circuit court acting in its appellate capacity fails to apply the correct law when it employs an inappropriate standard of review. *See id.* at 134; *Cent. Fla. Invs., Inc. v. Orange County*, 295 So. 3d 292, 295 (Fla. 5th DCA 2019) ("If a court uses the inappropriate standard of review, that may be considered to be a departure from the essential requirements of the law." (citing *City of W. Palm Beach Zoning Bd. of Appeals v. Educ. Dev. Ctr., Inc.*, 504 So. 2d 1385, 1385–86 (Fla. 4th DCA 1987))).

2

Section 162.11 provides that "[a]n aggrieved party . . . may appeal a final administrative order of an enforcement board to the circuit court" and that "[s]uch an appeal . . . shall be limited to appellate review of the record created before the enforcement board." The plain reading of that section "clearly provides" for a plenary appeal to the circuit court "as a matter of right." *Cent. Fla. Invs., Inc.*, 295 So. 3d at 294 (citing *City of Ocala v. Gard*, 988 So. 2d 1281, 1282–83 (Fla. 5th DCA 2008)). The circuit court here, however, instead reviewed MGM's appeal as if it were a first-tier certiorari petition. In affording MGM's appeal a narrower scope of review than that to which MGM was statutorily entitled, the court departed from the essential requirements of law. *Cf. id.* at 294–95 ("[I]f CFI had pursued a plenary appeal [rather than expressly inviting the circuit court to apply the certiorari standard], the circuit court would have departed from the essential requirements of the law if it provided a more limited review . . . .").

We recognize that in applying that narrower scope of review, the circuit court relied on a statement by us in *Sarasota County v. Bow Point on the Gulf Condominium Developers, LLC*, 974 So. 2d 431, 432 n.3 (Fla. 2d DCA 2007). The issue there, however, was a circuit court's reweighing of evidence, *see id.*, and not only does section 162.11 expressly admonish a circuit court—which is accustomed to sitting as factfinder in many circumstances—against doing that, *see* § 162.11 (stating that appeal of the code enforcement board's order to the circuit court "shall not be a hearing de novo but shall be limited to appellate review of the record created before the enforcement board"), but reweighing evidence is an inappropriate activity for a reviewing court regardless of whether review is by certiorari or by plenary appeal. Thus, which standard applied was not an issue before this court, and although

we went on to invoke the three-part certiorari standard, *Bow Point*, 974 So. 2d at 432 n.3, that invocation was superfluous to our conclusion. Such dicta plainly cannot control in the face of clear statutory language to the contrary. *See Dep't of Highway Safety & Motor Vehicles v. Chakrin*, 304 So. 3d 822, 826 (Fla. 2d DCA 2020) ("A circuit court departs from the essential requirements of law when it violates a 'clearly established principle of law,' which can come from the circuit court's 'interpretation or application of *controlling* case law, *statutes*, procedural rules, or constitutional provisions.' " (emphases added) (quoting *State v. Jones*, 283 So. 3d 1259, 1264 (Fla. 2d DCA 2019))).

"Having established that the circuit court's decision . . . departs from the essential requirements of law, we must still consider whether it results in a miscarriage of justice." *Jones*, 283 So. 3d at 1269. The County argues that even if the circuit court misapprehended the scope of its review, MGM cannot establish a miscarriage of justice because the outcome of the review process would be the same regardless. But that is not necessarily the question that we ask.[1] "Despite all of the efforts of

---

[1] And even if it were, we are not convinced that the County's argument is well taken—application of appellate standards of review may well affect the analysis of whether the issues presented by the May 2021 notice of violation required resolution by the BOCC rather than the special magistrate. The County here does not dispute that if the notice was tantamount to a stop work order or turned on an official interpretation of the LDC, MGM was entitled to have the matter heard by the BOCC rather than a special magistrate. *See* Manatee County, Fla., Land Dev. Code § 106.4.B (2021) (providing a right of appeal to the BOCC when a stop work order is issued by a Department Director alleging that a parcel is in "violation of any provision of this Code"); *see also* Manatee County, Fla., Land Dev. Code § 370 (2021) (providing a right of appeal to the BOCC of a "requirement, decision, determination or interpretation" by an "administrative official" enforcing, among other things, site plan regulations). As the circuit court has already noted:

the supreme court and the district courts, the test to determine when a 'miscarriage of justice' has occurred remains easier to state than to apply." *Dep't of Highway Safety & Motor Vehicles v. Alliston*, 813 So. 2d 141, 145 (Fla. 2d DCA 2002). "In measuring the seriousness of an error to determine whether second-tier certiorari is available, one consideration is whether the error is isolated in its effect or whether it is pervasive or widespread in its application to numerous other proceedings." *Id.* With that guidance in mind, we conclude that the opinion depriving the appellant below, as a matter of law, of the full scope of review to which it was statutorily entitled constitutes a miscarriage of justice. Accordingly, we grant MGM's petition and quash the circuit court's decision.

Petition granted; order quashed.

SLEET, C.J., and LUCAS, J., Concur.

---

Stop work orders had issued on this matter regarding unauthorized work on the property, which contemporaneous correspondence showed was related to concrete crushing. While the initial violations concerned the eastern portion of the property, the record indicates that MGM was on notice that the County's position was that concrete crushing was not permitted without an approved site plan on any portion of the property.

Indeed, the County confirmed at the hearing that what it was seeking was nothing less than that MGM "[c]ease operations until the site plan is approved."

Moreover, the record indicates that before the issuance of the May 2021 notice, the County's Building and Development Services Department had reviewed the existing site plans for the property to assess whether concrete crushing was a permitted use and, based on its evaluation of the existing site plans and interpretation of the Code, the Department had concluded that it was not. Nothing in the record suggests that a mere code enforcement officer had made that determination.

Opinion subject to revision prior to official publication.